at all. Oral argument, 15 minutes per side. Mr. April for the court. May it please the court, counsel. Experienced criminal trial attorneys are not entitled to a FRERETA hearing or inquiry prior to representing themselves. That's the pronouncement of the Kentucky Supreme Court in my client, Mr. Ayers' case. In Mr. Ayers' case, he is a criminal defense attorney. He began, in this case, representing himself. There was never any type of inquiry whatsoever. For two years, he represented himself. As we got close to the trial date, which also implicates the second issue in this case. You say that there was no inquiry. Was there ever a statement by Mr. Ayers that he knew he was representing himself or any other kind of statement that would be along the lines of FRERETA and the cases related thereto? There was never any kind of discussion in the record with regard to anything about his qualifications, anything like that. It's obvious it was a clear and unequivocal action that he was representing himself. Did he validly waive his right to counsel? No, he never waived his right to counsel. He never had a FRERETA inquiry. This court... I'm sorry, go ahead. But in your reply brief, I think you say that your client unequivocally waived his right to counsel. He waived his right to counsel. What they didn't do was caution him about the dangers of self-representation. I don't believe there's any place in my reply brief where I say he unequivocally waived the right to counsel. I thought you did say that. So if your claim is that he didn't validly waive his right to counsel, then we would be in a different place, right? I mean, I thought your claim all along was that the error was that he was not warned about the dangers of self-representation, which might be a different claim. Well, I appreciate your parsing of this, but I don't believe that's correct. I think what we're talking about here is you can't have a waiver unless the court determines it is knowing, intelligent, and voluntary. That's my argument, and that's what the Supreme Court of Kentucky rejected. They said, no, you don't have to do anything. If you're an experienced criminal trial lawyer... The Ferretta inquiry, I mean, the point Judge Larson's getting at, I think, is an important one, which is what you say is that the problem is there was no Ferretta inquiry, right? And that's different... Any type. I'm sorry. I understand. And that's different in kind, because what the circuits have said subsequently is, and no Supreme Court has spoken to this, is we can look at the record as a whole to determine if his waiver was knowing, voluntary, and intelligent. And to Judge Moore's question, I thought he said at voir dire that he knew he was representing himself. I understand what you're saying, but I mean, it's very obvious that he was representing himself for two years. He was the only person showing up. But I think this circuit itself has said the Supreme Court has required a Ferretta-compliant type inquiry before granting a self-representation request, which is, in effect, a waiver of the right to counsel. Now, I know you don't set Supreme Court precedent, but the United States Supreme Court in Marshall v. Rogers pointed out, you can look to your circuit decisions to see this. It's very clear. You must have this inquiry. Now, when you talk about the other cases... I'm sorry. No, I'm sorry. It seems to me, what is the nature of the inquiries important? Because what you're saying is there's some magical inquiry. And there isn't, right? We can look at the record as a whole, and if he knew... No. I don't agree. I agree with one thing you said, but not the other. Okay, tell me. The first thing is, there is no magic inquiry. There is no magic incantation. There are no special words. The nature of the inquiry, as the Supreme Court has said, varies from person to person. It may very well be in the context of an experienced criminal trial lawyer. It will be a very brief inquiry. It may not be. But you have to remember, in this case, the Supreme Court of Kentucky specifically said, we will not do what some other courts have done. We will not comb this record to determine that Feretta was met. We're announcing... Here's what our court said, Swiger v. Brown. Feretta does not clearly establish that formal warnings by the trial court are required to establish a knowing, voluntary, and intelligent waiver. Right? So you don't need formal warnings to establish that. And what every circuit that I could find that's looked at it has said is, we can look at the record as a whole to determine if there was a knowing, voluntary, and intelligent waiver. You're dealing with a state court case. You want to give deference to the state court case under IDPA. But here's the problem. The state court specifically rejected what you're saying. They're not going to do this. And then they said... There's a case published from our circuit called Davis that neither of you discussed. So I'll ask the other side about this. But Davis says, all we do is look at the holding. I agree with you. The reasoning's terrible. Okay? But all we do is look at the ultimate holding under Harrington v. Richter et al. And then we decide. And that's all we look at. If you want to point to the reasoning and say it's faulty, I'll sit quiet because you're 100% right. Well, here's the second part of it. Even if we were to go down the road, you say, here's what happened in this case. Before trial, a day before trial, Mr. Ayers filed a motion for a continuance, and he requested that he be given time. This is our second argument, but it fits in with the first. That he be given time to be able to contact a lawyer because he was incompetent to do this. Now, at that point, the judge had done nothing to determine that he was a competent attorney and that he had... I'm sorry, that he had waived his right to counsel on the record. There's nothing like that. So now, the judge is in this position. She's being confronted with the very fact that this man says, I can't do this. And he has never, on the record, waived his right to counsel. So, counsel, I found the page in the reply brief. So, you say, Ayers was a criminal... This is on page six of your reply brief. Ayers was a criminal defendant facing a felony jury trial who unequivocally announced his intention to represent himself just as Feretta did. So, he has said, I would like to represent myself. No, that's not what the sentence meant. The sentence meant... Unequivocally announced his intention to represent himself. By representing himself. That's all that referred to. It's unequivocal if you come into court without counsel. I never said that was never meant to communicate he stood up in court and made any kind of announcement. It was that his actions spoke louder than words in the sense that he was the one doing the case. And nobody else was there. No counsel was there at all. So, is your argument now that he never validly waived his right to counsel and that that's structural error and therefore we have to reverse? Yes. But that's not the argument you made in your briefs. So, what are we supposed to do with that? I said throughout it that Feretta is a structural error. There's waiver of the right to counsel and there's language that talks about giving certain warnings about the dangers of self representation. So, those two things seem like they might be different. So, for example, you can waive your right to trial, right? And if it's not a knowing involuntary waiver, we would reverse. But what would go into whether it was knowing would be what you actually knew. So, that's what we're trying to get at here. Well, as this court said... What counsel did he need? I mean, not counsel meaning a lawyer. What advice did he need about the dangers of self representation? What didn't he know about the dangers of self representation? See, although this isn't discussed in the brief by either side, the whole thing about a knowing and intelligent involuntary waiver does not focus solely on what does he need to know about self representation. It's just like in a Boykin inquiry, a criminal defense attorney as a defendant pleading guilty, you don't say, we don't have to go through the Boykin inquiry with you because you're a criminal defense attorney. You should know this. We have to get a knowing and intelligent involuntary waiver on the record. There was no question as to why. Why was he... An easy question that could have been asked, and I want you to understand, I'm not saying that these are words that had to be asked, but in response to your question, why are you proceeding pro se? What's your reason? I noticed that these are five counts of not filing state income tax. What is your financial situation? Are you proceeding pro se because you can't afford an attorney? Maybe you're eligible for a public defender. Other kinds of questions along those lines. Are you under any mental stress at this time? Back to Judge Larson's point, you're faulting the state court for not doing the inquiry itself, correct? Because it didn't produce on the record a knowing and intelligent voluntary waiver. There's no way you can take out of this case that he made a knowing and intelligent involuntary waiver. And in the cases from other circuits, in many of those cases, the ones that were cited by the other side and by the district court, are cases where the person showed up with counsel originally and then switched. There are cases where the criminal defense attorney comes in and tells the court, listen, I am somebody who's tried all kinds of cases. I know how to do this. This is no problem, even if there wasn't an actual inquiry. There's nothing like that in this record. So what you're claiming, and this is not what I got out of your briefs, but what you're claiming now is that at no point did a judge say to your client, Mr. Ayers, you understand you have a right to counsel. Are you choosing to represent yourself? That never took place. None of that took place, right. And you know, as this court said in James versus Bergano in 2006, as the record makes clear, at no time did the state trial judge, I'm sorry, at no time was the waiver of counsel knowing involuntarily shown on the record. At no time did he explain the dangers and risk of proceeding pro se, and no explicit finding of a knowing and intelligent voluntary waiver is made on this record. There's nowhere that you find that. That was done. The judge did not do that. That was the law. Secondly, Can the court not infer from the fact that Ayers continued to represent himself that he was knowingly, intelligently, involuntarily waiving? Well I think, my first thought is that no. My first thought is just a blank no on the basis of the law. But what's more important is we have him two years later saying, I'm in over my head. I'm incompetent to try this. I need counsel. It's pretty clear from that perspective that he didn't know what he was doing. That he didn't know make a knowing and intelligent voluntary waiver, being a counsel of... Well that's different. Not having the skills to represent yourself is a different inquiry than having the desire to represent yourself. In fact, that's I think the lesson of Ferretta itself, right? Ferretta says, we don't inquire whether you would be an adequate substitute for a lawyer. We inquire whether you choose to represent yourself despite what might be your inadequacies. It's interesting though that Ferretta actually says, your technical knowledge is unimportant. It says instead, what's important is that you knowingly, voluntarily waived it. And we don't have any evidence of this anywhere. The other thing is, the information that Ayers had about him being an experienced criminal trial lawyer was not before the court in a proper way when she let it go to the jury, when she let him go on and try the case, when she denied his motion to get counsel. That all came out during the presentation of the Commonwealth's case. Well, I'd assume that the Kentucky Bar and the judges, the judges in that court were probably pretty familiar with your client. Well, that's an interesting thing too because that takes us to the unreasonable determination of facts issue in my brief. And your red light is on, so if you want to conclude your answer to Judge Larson with them, we should move on. In that situation, with the unreasonable determination of facts, one, Kentucky does not allow a judge to use their out-of-court experiences in any way, shape, or form in court. In fact, recently, the Supreme Court of Kentucky stated, that is a structural error, disqualified the judge, and said, you just can't do this. So she couldn't, she didn't take judicial notice, she couldn't have taken judicial notice of personal information, and as I said before. I mean, the reality when we review it, it's irrelevant what Kentucky's rules are, and she did say, I'm uncomfortable with this case because I know him, we all know him, he appears in my court regularly. She also said throughout the case that it was a very complex case, and as the Court of Appeals of Kentucky pointed out, none of that was addressed, nothing was addressed with regard to his mental state, there's nothing that would indicate it was a knowing and intelligent voluntary waiver. Was there anything in the record about his financial situation? Well, with regard to that, yes, there was statements by him that he, when he testified, but it was, that was after the fact. And it was about... The statements were that he was not well off, is that correct? Well, it's hard to tell from it, but they were showing money that he supposedly made and didn't have and et cetera. But there's another aspect of that that's very important. She could have asked, are you facing any other prosecutions at this time that puts you in a position that you feel like you have to represent yourself? And he was being prosecuted in federal court for tax problems. So, you know, there was nothing done to come close to... Did he have a lawyer in federal court? What? Did he have a lawyer in federal court? I don't know. We've taken you over your time. Thank you very much. Thank you. May it please the court, opposing counsel, your honors, I'm Micah Brandon-Roberts. I represent the respondent, Apple Lee. Our position is fairly straightforward. The Kentucky Supreme Court's holding is not contrary to or an unreasonable application of standing Supreme Court precedent. Where does the Supreme Court say there's an exception for lawyers? I haven't seen that in the court's precedent or the Constitution. I don't think that the court says that there is an exception for lawyers, and I don't think that's what the Kentucky Supreme Court intended to do. I think their holding was twofold. They said that Feretta doesn't apply in this instance because he was a licensed attorney and therefore not appearing without counsel. But isn't that the same thing? Isn't that tantamount to what Judge Tappar said, that the Kentucky Supreme Court read the Sixth Amendment to say criminal defendants have a right to counsel unless they're lawyers? No, I think that what the Kentucky Supreme Court intended to say there is that you are appearing as either, a person, as a matter of fact, must appear as either counsel or as defendant, or as pro se. And I think what they were saying is- So if you're a destitute attorney and you get indicted, what you're saying is, in effect, that Kentucky doesn't have to appoint you counsel. That Gideon V. Wainwright doesn't apply to indigent attorneys because they, in effect, are attorneys. No, you would still be entitled to the appointment of counsel if you chose to request counsel. But it's on you to invoke? So assume that we have a run-of-the-mill criminal defendant, not a member of the bar, who appears in court in Kentucky and the trial just proceeds and nobody ever says to that criminal defendant, let's assume it's a felony case, you know, Mr. Criminal Defendant, you have a right to counsel. Would you like to waive it? And then it comes up on appeal. What would the Kentucky Supreme Court do with that case? Well, he would clearly have the right to counsel. Because it's not on you to invoke your right to counsel, right? It's on the court to not proceed unless you waive. Correct. It is not on you to invoke your right to counsel, but it is on you to invoke your right to proceed pro se. And I think both the Kentucky Supreme Court and this court have held that. Did Ayers invoke his right to proceed pro se? No, he did not. And in fact, not to my knowledge on the record, and in fact, when the judge... Then doesn't the judge have to check? I think the presumption is then he is proceeding as counsel. And that's what he said. But he didn't ever enter any formal appearance, did he? I believe he did. The judge asked for... I mean, not in paper. He certainly said it in front of the judge. At the first pretrial hearing, unfortunately, the arraignment is not on the video record here. The Kentucky Court of Appeals said in its opinion that it would assume that he was informed of his right to counsel at the arraignment because the arraignment did occur and the record was silent. You just don't have a video record of it. So Kentucky's rules say you must presume the right to counsel. He was informed. The silent record supports the judgment of the trial court. But his quote at the first pretrial hearing, which is on the record, 5-21-08, at 9.22 and 10 seconds, the judge has asked for, at that point, has asked for all the parties to state their appearance. And he says, his response is, Judge, Bill Ayers, I'm my own counsel at the present time. So I don't think he intended to appear as a pro se defendant. He intended to appear as counsel. Isn't a pro se person who's not a lawyer say the same thing if they were, say, college educated? No. I'm appearing as my own counsel? They don't have a counsel. The judge says state appearances. Why wouldn't that be a natural response of just an intelligent criminal defendant, non-lawyer? Well, at that point, the judge who knows that the individual is not an attorney, then the inquiry would become whether you are waiving your right to counsel immediately because the person is not licensed to appear in front of the court as an attorney. How do we know? What if you're out of state and you happen to be an attorney and you're in front of a judge? So now you're saying that the knowledge of the judge is important? No. Well, whether or not the person is actually an attorney is what is important, and I believe that is in... What if they're a corporate attorney, never appeared in court in their life? Well, Ferreira speaks to the fact that we're not engaged in whether or not they are competent to actually practice the case, but whether or not they know what they're doing. Right, but they know what they're doing when they waive their right to counsel, which never happened here apparently, at least according... Let me ask you. I asked Mr. Ayers' attorney, did Mr. Ayers ever validly waive his Sixth Amendment right to counsel? He has one, right? You agree he has one. Did he ever validly waive it? Not to my knowledge. Isn't that reversible structural error? No, because he was an attorney appearing for himself, and this court, in a case cited by the Kentucky Supreme Court in its opinion, U.S. v. Cromer, this court said that when you are... There's an interplay here between the waiver of right to counsel and the desire to proceed pro se. You have a right to do both. And so this court said, when you don't unequivocally state your desire to proceed pro se, the presumption is you have not waived your right to counsel and you are proceeding with counsel. And so here, he did not unequivocally state his right to proceed or state his intention to proceed pro se. So the presumption must be that he intended to proceed with counsel, which was himself. That is the definition of pro se. Yes. Well, I guess that's the core of the case, whether he is allowed to come to court and be a layman or whether he comes to court as a licensed attorney. And it's clear the trial court thought he was there as a licensed attorney. But he's a licensed attorney representing himself. I mean, I would think that if I showed up in small claims court, I would be appearing pro se, not as an attorney, to represent myself, right? I think if you are a licensed attorney that practices before that court, then the court would validly presume that you are appearing as an attorney. Can I ask you a question about the waiver? Yes. So there's this case called Carnley v. Cochran. It's a Supreme Court case from 1962. I'm going to quote, The record must show or there must be an allegation and evidence which show that an accused was offered counsel but intelligently and understandably rejected the offer. Anything less is not waiver. So I want to get to this waiver point. So you concede there's no waiver on the record. It's not on the record, no. And you concede no warnings are given. Right, no explicit warnings. So why doesn't that case require we reverse the Kentucky Supreme Court? Because he didn't waive his right to counsel. He was counsel and he appeared as counsel. What if we reject that? What if we just flat out reject that? Do we have to reverse? I'm not certain. It sounds I believe you probably would. But I think, again, and he seeks to appear, he chooses now to appear as a layman proceeding pro se, that he was not an attorney. And it seems clear from the trial court record that he sought to appear as an attorney who just merely represents himself. And the part in the trial court record is this indication where he says, Bill Ayers, I am my own counsel at the present time. So everything in this case hinges on that. Because otherwise, I just want to be clear what your position is. If somebody graduates from law school, gets sworn into the bar, has never been in court, they get arrested on a felony charge, they show up, the judge doesn't ask if they've waived their right to counsel, proceed to trial, they get convicted, they say, hey, there's this case called Gideon. I didn't get counsel and I was indigent. Your position is the court should reverse or not reverse? Well, my position is if there was no, if they were proceeding pro se and they announced their intention to proceed pro se, then they were not afforded the right, if they had waived their right to counsel. But the record is silent. They don't say, I'm here on behalf of, I'm here pro se. I mean, I am my own counsel. Doesn't that mean pro se? I don't think so. I think it means he's his own counsel rather than he is appearing pro se without an attorney. You could say that if you're not an attorney. Right? I mean, I've had, there's crazy people out there. They say that stuff all the time. Right. But I think the fact that the trial judge knew that he was a licensed attorney and then Does pro se mean on behalf of myself in Latin? Well, yes, it does. So I am appearing as my own counsel. Sounds a little bit like I'm appearing on behalf of myself. But he was able to enter an, he was able to enter an appearance with the court because he was a licensed attorney at the time. And I think If he had not been a licensed attorney and he said exactly what he said, wouldn't it be, wouldn't it be entered as an appearance pro se? Yes. And I think at that point it would be incumbent upon the trial judge to engage in the inquiry of whether or not he was waiving his right to counsel. So you really are defending the Kentucky Supreme Court's rationale here? No. I just believe that it is not a contrary, that it's holding is not contrary to an unreasonable application of standing Supreme Court precedent. It's holding, not it's reasoning. It's holding, not it's reasoning. And what is it's holding precisely? The holding was that it did not believe, at first it did not believe Feretta applied because he appeared as licensed counsel. But then they also held that criminal defendants who are criminal trial attorneys are not entitled to a Feretta hearing or inquiry prior to representing themselves. But they would be entitled to a waiver of the right to counsel. The right to counsel, yes. That didn't happen. Well, the Kentucky Court of Appeals said that it did. They presumed that it did. They presumed that it did. Was that presented to the Kentucky Supreme Court, the waiver issue versus the warning issue? I view those as two different. I don't think the waiver issue was presented to the Kentucky Supreme Court, but I am not, in my recollection, that's not 100%. But I think the Kentucky Supreme Court's summation of its holding that criminal trial attorneys are not entitled to a Feretta hearing is also not contrary to an unreasonable application of because Feretta itself doesn't mandate a hearing. And there are two circuit court cases that are very similar in Maldonado Rivera. Why isn't that your best argument, that the Supreme Court has not mandated a hearing? He wasn't necessarily entitled to a hearing. And all the circuits say we look at the record as a whole to determine if the waiver was knowing, voluntary, and intelligent. And essentially circuit courts have reconstructed and looked at the record to see if the person knew what they were doing. I think that is my best argument. I think that is the most correct holding of the Kentucky Supreme Court, is that he's not entitled to a hearing because the record establishes that he knew what he was doing. He practiced the case for two years. How does the record establish that he was knowing, intelligent, and voluntary? He practiced the case for two years, including filing several motions, one of which was a suppression motion. He filed his motions for continuance based on discovery issues and otherwise acted as you would expect trained counsel to act in approaching the trial. Here's where I just stumbled because what you say to me sounds exactly like the arguments presented in Betts v. Brady, which you'll recall was overruled by Gideon. So in Betts v. Brady, the lesson of Betts v. Brady is you only get a lawyer when you need a lawyer. And we know whether you needed a lawyer because we look at how well you performed in trial and say, ah, he did a pretty good job, therefore he didn't need a lawyer. And then Gideon comes in and says, we're throwing that all under the bus. Instead, we're not going to evaluate whether you are an adequate substitute for counsel. Everybody has a right to counsel. So what I hear you saying is Betts v. Brady, which is just contrary to Gideon, and that's where I get thrown. But I think the question here is whether he unequivocally asserted his intention to proceed pro se. And he did not. And the presumption that this court has stated is that when you don't unequivocally state you intend to proceed pro se, then you are presumed to be proceeding with counsel. And in this case, the counsel was wearing the same suit as the defendant. Either way, there must be a fiction must be engaged in. You must assume that he is a layman who is not trained counsel and was not appearing as a licensed attorney. Or you must conclude that he was a licensed attorney who was not appearing pro se. They are two different sides of the same coin. But I don't care what you are. If you represent yourself, you're pro se under any definition. And in that event, I'd say that the record still establishes the totality of the circumstances that he knew and understood the dangers and disadvantages of representing himself. And he entered the case of eyes wide open. And how does the record establish that? It's because he did things properly during the two, almost two years? Yeah, and also at trial, the judges, there are two judges that testified, to his repeated appearances in front of them in practice in criminal trials. At trial? At trial, yes. Two judges testified? Yes, and the Kentucky Supreme Court relied upon those judges in its finding. And is his statement in voir dire significant that he knew he was a fool for representing himself? No, I think the statement is significant in the fact that he knew and understood the disadvantages of representing himself when he did it. And I see that my time is up, so I'll just ask if there are any more questions. Thank you very much. Thank you. Mr. Apple, can I ask you a question before you start? Certainly. I'm sorry to do this to you, but did you present to the Kentucky Supreme Court the waiver issue versus the Feretta issue? And if you don't understand how we're breaking that up, please ask. I have the brief off the top of my head. I always considered that they were actually one in the same, and that was that they were saying there was no Feretta inquiry, therefore, there was no waiver. And I'm pretty sure that's the way. I was not the appellate attorney in the Court of Appeals or the Supreme Court. As you, Judge Tapper, have pointed out with regard to waiver, citing the older case, Johnson v. Zerbst says, courts should indulge every reasonable presumption against waiver of fundamental constitutional rights. Yeah, but that case also says we can look at the totality of the circumstances and the record as a whole. The totality of the circumstances at what point, that's the key here. The totality of the circumstances when the person has waived his right to counsel, because once that trial started, he was in as a pro se litigant, and he had not waived his right to counsel. Now, to say that because somebody is a lawyer, that they necessarily understand their right to counsel, it doesn't necessarily flow. That's why an inquiry is important. That's why even the Supreme Court at Feretta said it has to be on the record, knowing and intelligent on the record. Has your client ever alleged that he did not understand the dangers of representing himself? Well, I think he did by saying, I'm incompetent to be able to do this case. I have to have an attorney. When he did that in the continuance right before the trial. That means I'm in over my head. I might not be an adequate substitute for an attorney. But that might be different than I didn't knowingly take on this task. I see your point, Your Honor, but I have to say this. You must remember since this case he represented himself, there was no post-conviction action. There was no subsequent time for him to testify along those lines. This just went up on direct appeal and then from direct appeal directly to federal habeas. So the fact that the judge never asked him anything about that, the record is silent. There's no place in the trial or in the pretrial where he would have said that. And I see my time is up. Thank you both for your arguments. The case will be submitted and would the clerk adjourn court, please.